HON. STUART O. MILLER Village Attorney, Seneca Falls
We acknowledge receipt of your letter in which you state that in your village the four trustees are elected from separate wards, and in which you request our opinion whether if one of the village trustees moves from the ward from which he was elected to a different village ward, a vacancy in office is created.
It is provided in Public Officers Law § 30 as follows:
"§ 30. Creation of vacancies
 "1. Every office shall be vacant upon the happening of one of the following events before the expiration of the term thereof:
* * *
 "d. His ceasing to be an inhabitant of the state, or if he be a local officer, of the political subdivision, * * * of which he is required to be a resident when chosen;" (Emphasis supplied.)
It is provided in Public Officers Law § 3 as follows:
"§ 3. Qualifications for holding office
 "1. No person shall be capable of holding a civil office who shall not, at the time he shall be chosen thereto * * * be * * * if it be a local office, a resident of the political subdivision * * * for which he shall be chosen, or within which the electors electing him reside * * *"
In our opinion, when in a village which has adopted the ward system for the election of trustees, a trustee moves to a different ward in the village, a vacancy in office is created.
To the same general effect we enclose for your examination a copy of an informal opinion of the Attorney General published in 1973 Op. Atty. Gen. 50. See, also, Matter of Tucker v. Donohue,28 A.D.2d 739 (1967).